PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RAYLON A. DAVIS (#A738461), | ) ) ) | CASE NO.  3:20CV0672 |
| Petitioner, | ) ) | |
| v. | ) ) | JUDGE BENITA Y. PEARSON |
| COREY FOSTER,[1] Warden, | ) ) | |
| Respondent. | ) ) | **MEMORANDUM OF OPINION AND ORDER** |

Petitioner Raylon A. Davis filed a *pro se* Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) alleging eight (8) grounds for relief which challenge the constitutional sufficiency of his convictions and sentences in Allen County, Ohio Court of Common Pleas Case Nos. CR 2014 0118 (one count of possession of cocaine and one count of possession of heroin) and CR 2015 0361 (one count of possession of cocaine, one count of possession of heroin, one count of possession of marijuana, one count of illegal cultivation of marijuana, and one count of having weapons while under disability).  Petitioner's prison sentences totaled 27½ years.

---

[1] James Haviland was the original Respondent.  He was sued in an official capacity as a public officer.  Corey Foster subsequently became the Warden at Allen-Oakwood Correctional Institution.  Pursuant to Fed. R. Civ. P. 25(d), Foster's name has been automatically substituted as a party.

(3:20CV0672)

The above-entitled federal habeas petition was referred to a magistrate judge[2] for preparation of a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2).  On December 19, 2022, the magistrate judge issued a 49-page Report & Recommendation (ECF No. 16).  In her Report, the magistrate judge recommends that the Court dismiss the habeas petition.

Respondent argues that Petitioner is not entitled to habeas relief on Ground One because Davis has not demonstrated that the judgment of the Ohio Court of Appeals regarding sufficiency of the evidence was contrary to or an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States.  *See* Return of Writ (ECF No. 9) at PageID #: 78- 83.  The magistrate judge finds that Respondent's argument is well-taken.  *See* ECF No. 16 at PageID #: 1365-66; 1369-70.

Respondent contends that Ground Two is procedurally defaulted and, in the alternative, a manifest weight of the evidence claim is a state law claim not cognizable on federal review.  *See* ECF No. 9 at PageID #: 59-60; 62-64.  The magistrate judge finds that both of Respondent's arguments are well-taken.  *See* ECF No. 16 at PageID #: 1371-72.

---

[2]  The Court referred the case to Magistrate Judge James R. Knepp, II.  On November 23, 2020, the case was reassigned from Judge Knepp in his role as a magistrate judge to Magistrate Judge David A. Ruiz pursuant to General Order 2020-26.  On February 15, 2022, the referral to Judge Ruiz in his role as a magistrate judge was withdrawn, and the case was reassigned and automatically referred to Magistrate Judge William H. Baughman, Jr. pursuant to General Order 2022-03.  On September 2, 2022, the referral to Magistrate Judge Baughman, whose retirement was effective on July 1, 2022, was withdrawn, and the case was referred to Magistrate Judge Jennifer Dowdell Armstrong pursuant to General Order 2022-14.

(3:20CV0672)

Respondent maintains that Ground Three fails because Petitioner cannot establish both prongs of an ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668 (1984), and it also fails under the doubly deferential judicial review that applies to a *Strickland* claim under the § 2254(d) standard. *See* ECF No. 9 at PageID #: 84-88. The magistrate judge finds that Respondent's arguments are well-taken. *See* ECF No. 16 at PageID #: 1373-74; 1376-77.

Respondent argues that Petitioner is not entitled to habeas relief on Ground Four because Davis cannot establish that the speedy trial ruling of the Ohio Court of Appeals was contrary to or an unreasonable application of clearly established federal law. *See* ECF No. 9 at PageID #: 88-93. The magistrate judge finds that Respondent's argument is well-taken. *See* ECF No. 16 at PageID #: 1377-79; 1381-82.

Respondent contends that Ground Five fails because Petitioner cannot show that the allegedly erroneous evidentiary ruling regarding the limited testimony of the State's expert witness resulted in the denial of fundamental fairness and, therefore, a violation of Davis's due process rights. *See* ECF No. 9 at PageID #: 65-69. The magistrate judge finds that Respondent's argument is well-taken. *See* ECF No. 16 at PageID #: 1382; 1384-85.

Respondent maintains that Petitioner is not entitled to relief on Ground Six because Davis has failed to show that he suffered any prejudice from consolidation of the two cases for trial. *See* ECF No. 9 at PageID #: 69-72. The magistrate judge finds that Respondent's argument is well-taken. *See* ECF No. 16 at PageID #: 1385; 1387.

3

(3:20CV0672)

Finally, Respondent argues that Grounds Seven and Eight are non-cognizable on federal habeas review because Petitioner had the opportunity to fully and fairly litigate in the Ohio courts his Fourth Amendment claims raised in the motions to suppress.  *See* ECF No. 9 at PageID #: 72-74.  The magistrate judge finds that Respondent's argument is well-taken.  *See* ECF No. 16 at PageID #: 1388-89; 1394.

Fed. R. Civ. P. 72(b)(2) provides that objections to a report and recommendation must be filed within 14 days after service.  Objections to the Report were, therefore, due on January 5, 2023.[3]  Neither party has timely filed objections.  Therefore, the Court finds that the parties are satisfied with the magistrate judge's recommendations.  Any further review by this Court would be a duplicative and inefficient use of the Court's limited resources.  *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, the Report & Recommendation of the magistrate judge is hereby adopted.  Raylon A. Davis's Petition for a Writ of Habeas Corpus will be dismissed.

---

[3]  Under Fed. R. Civ. P. 6(d), three (3) days must be added to the 14-day time period because Petitioner was served a copy of the Report by mail.  *See Thompson v. Chandler*, 36 Fed.Appx. 783, 784 (6th Cir. 2002).  The Court has accounted for those three days, as well as additional time for any mailed objection to reach the Court, before issuing this Order.

(3:20CV0672)

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision

could not be taken in good faith, and that there is no basis upon which to issue a certificate of

appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).


IT IS SO ORDERED.


  January 13, 2023                          /s/ Benita Y. Pearson
Date                                        Benita Y. Pearson
                                            United States District Judge

5